HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
STELLA PADILLA, SBN 301590
spadilla@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

*Attorneys for Defendant*
THE CHURCH OF LONDON
PUBLISHING LIMITED dba "TCO
LONDON"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE MURDOCK,<br><br>          Plaintiff,<br><br>     v.<br><br>TCO LONDON,<br><br>          Defendant. | Case No. 2:24-cv-05411-GW-KS<br><br>**DEFENDANT THE CHURCH OF LONDON PUBLISHING LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:    September 9, 2024<br>Time:    8:30 a.m.<br>Crtrm.:   9D<br>Judge:   Hon. George H. Wu |

## I.   INTRODUCTION

Plaintiff Zane Murdock's Complaint against Defendant The Church of London Publishing Limited dba "TCO London" ("TCO London") fails to include *any* factual allegations supporting his two trademark claims and fails to include *any* factual allegations supporting his fraud claim—let alone factual allegations meeting the heightened pleading requirements for fraud. In short, Plaintiff's Complaint falls well short of any and all minimum pleading standards for all three of its purported claims and should be dismissed in its entirety. Plaintiff's Complaint similarly fails to plead *any* facts establishing personal jurisdiction over TCO London and should be dismissed for that additional, independent reason.

While TCO London acknowledges that Plaintiff is acting *pro se*, TCO London respectfully asks the Court to assert appropriate additional governance over this case in light of Plaintiff's over 14-year history of filing complaints similarly bereft of minimum pleading standards, including here in the Central District of California, as well as the Trademark Trial and Appeal Board.

TCO London asks that the Court dismiss Plaintiff's Complaint with prejudice.

## II.   BACKGROUND—PLAINTIFF'S LITIGATION HISTORY

As important context, Plaintiff Zane Murdock has a documented history of taking a very aggressive view of his purported trademark rights, filing complaints without any factual bases, and drawing the ire of courts and tribunals. As a few illustrative examples:

In 2010, some 14 years ago, this Court, through the Honorable Dolly Gee, dismissed Zane Murdock's trademark complaint in his second consecutive case against the same defendant, writing:

> In addition, Plaintiff fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8 because he pleads legal conclusions rather than facts. For example, Plaintiff asserts that he "used [the Huck dog toy] in commerce." (Compl. ¶ 10.) This is a wholly conclusory statement lacking any factual footing. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Murdock v. The Kyjen Co., Inc.,* Case No. 2:10-cv-05006-DMG-JEM, Order re Defendant's Motion to Dismiss Complaint (Dkt. 20) (C.D. Cal. Oct. 12, 2010) (Ex. 1 to Request for Judicial Notice, filed herewith ("RJN")).

In 2014, the Trademark Trial and Appeal Board dismissed Zane Murdock's petition for cancellation (though his companies NSM Resources Corp. and Huck Doll LLC) against Microsoft—and went on to chide Murdock at length:

> Petitioners' pattern of behavior leaves no doubt that the noted proceedings were initiated in **bad faith** . . . .
>
> The formulaic nature of petitioners' approach illustrates abuse of the Board's procedures in its attempt to harass third parties. This approach involves repeated assertions of fraud, alleging a highly similar set of facts to support claims, none actually arising to the level of fraud, . . . None of these grounds has been sufficiently pled in any of the various proceedings. . .
>
> [W]e conclude that petitioners could not have reasonably or in good faith believed that the assertions of these same claims in the present proceeding was warranted . . . .
>
> Indeed, petitioners' **vexatious conduct** unnecessarily disrupts the fair allocation of Board resources.

*NSM Resources Corp.; and Huck Doll LLC v. Microsoft Corp.,* 113 U.S.P.Q. 2d 1029, 2014 WL 7206403, at *8-9 (T.T.A.B. 2014) (Ex. 2 to RJN) (emphases supplied). The Board went on to issue a permanent order against NSM Resources Corp. and Huck Doll LLC "**and their shared principal Zane Murdock**" and "**any entity owned or controlled by Mr. Murdock**," restricting Mr. Murdock's ability to file proceedings before the Trademark Trial and Appeal Board and permanently requiring that he appear before the Board *only* with retained outside counsel qualified to practice before the Board. *See NSM Resources Corp.; and Huck Doll LLC v. Microsoft Corp.,* Cancellation No. 92057932 (T.T.A.B. 2015) (Ex. 3 to RJN) (emphases supplied).

In 2023, the Trademark Trial and Appeal Board sustained an opposition filed

by Savile Investments against Zane Murdock's pending application for registration of the mark HUCK for "granola-based snack bars"—and reprimanded Murdock and his company Huck Doll LLC for failing to follow the 2015 order:

> Applicant did not get the message, as it initially appeared pro se in this proceeding, . . .
>
> The picture of Mr. Murdock that emerges from the Board's 2014 *NSM* decision is not a flattering one. There is no doubt that in pursuing multiple frivolous claims before the Board, Mr. Murdock and his controlled companies "'abused their litigation opportunities.'" *NSM*, 113 USPQ2d at 1039 (quoting *Cent. Mfg. Inc. v. Third Millennium Tech. Inc.*, 61 USPQ2d 1210, 1215 (TTAB 2001)). It is equally troubling that Applicant disregarded its obligations under the Board's sanctions order when it appeared pro se in this proceeding, requiring the Board to issue yet **another** order to show cause "why additional sanctions, including judgment, should not be entered against it for violation the Board's prior order and sanctions." 13 TTABVUE 1 (citing Fed. R. Civ. P. 11). Applicant's treatment of its obligations under the sanctions order involves sloppiness at best and willful blindness at worst.

*Savile Investments Pty. Ltd. v. Huck Doll LLC,* Opposition No. 91240135 (T.T.A.B. Sept. 27, 2023) (Ex. 4 to RJN). On the substance of the opposition, the Board also found credibility issues in Murdock's testimony and ruled that he had failed to make "bona fide use of the [HUCK] mark in commerce in the ordinary course of trade" in connection with snack bars, rendering his application "void ab initio." *See id.* at pp. 28, 41, 42 (brackets in original).

Far from accepting the Board's decision, shortly afterwards, Plaintiff filed a lawsuit for trademark infringement and fraud against Savile Investments—and its law firm Dowd Scheffel PLLC—in the Central District of California. *See Murdock v. Dowd Scheffel PLLC, Savile Investments Pty. Ltd.,* Case No. 2:23-cv-09348-DSF-PVC, Complaint (Dkt. 1) (C.D. Cal. Nov. 6, 2023) (Ex. 5 to RJN). His complaint in that action acknowledged Savile was based in Australia. *Id.* Dkt. 1, ¶ 9. This Court, through the Honorable Dale S. Fischer, dismissed that case for lack of personal jurisdiction. *See id.*, Order Granting Motion to Dismiss for Lack of Jurisdiction (Dkt. 61) (C.D. Cal. May 3, 2024) (Ex. 6 to RJN).

Far from accepting this Court's decision, Plaintiff filed a motion for reconsideration, which this Court denied. *See id.*, Order Denying Motion for Reconsideration (Dkt. 69) (C.D. Cal. June 13, 2024) (Ex. 7 to RJN).

Far from accepting this Court's decision (again), Plaintiff filed a new lawsuit for trademark infringement and fraud against Savile and Dowd Scheffel, this time in the District of Columbia. *See Murdock v. Dowd Scheffel PLLC, et al.*, Case No. 1:24-cv-01899-ACR, Complaint (Dkt. 1) (D.D.C. June 24, 2024) (Ex. 8 to RJN).

While these cases are ostensibly separable from the instant case, they show a marked pattern of behavior by Plaintiff; and even a cursory comparison shows his trademark complaints over the years have remained by and large the same form, with the same conclusory allegations. TCO London respectfully asks the Court to consider this motion in that light.

## III. DISCUSSION

### A. The Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *see also* Fed. R. Civ. P. 8(a)(2) (requiring complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### 1. **Plaintiff has failed to allege sufficient facts to support a cognizable claim of trademark infringement under federal law or common law**.

The First and Second Claims for federal and common law trademark infringement,[1] respectively, contain essentially zero factual allegations:

<u>FIRST CLAIM – FEDERAL TRADEMARK INFRINGEMENT</u>

14. Plaintiff owns the HUCK marks whereas Defendant uses Plaintiff's HUCK marks without authorization of Plaintiff. Defendant confuses the consuming public as to the origin of Plaintiff's HUCK marks and this damages Plaintiff in violation of the Lanham Act.

15. Plaintiff claims United States Code Title 15 Chapter 22 Subchapter III § 1125 makes Defendant "liable in a civil action for trademark infringement.

<u>SECOND CLAIM – COMMON LAW TRADEMARK INFRINGEMENT</u>

16. Since 2000, Plaintiff has used the Trademark HUCK in connection with products for sale consistently in order to establish a business. Plaintiff claims common law trademark infringement in that Defendant takes unfair advantage of Plaintiff's use in commerce of the Trademark HUCK aside from Plaintiff's USPTO intellectual property.

Compl., ¶¶ 14-16 (entirety of allegations for First and Second Claims). These are "mere conclusory statements," necessitating dismissal of both claims. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim).

Additionally, Plaintiff appears to be asserting rights in trademarks that are the subject of pending applications for registration in the U.S.—for which the registrations have not issued and for which Plaintiff has not alleged use. *See* Compl.,

---

[1] Courts generally analyze federal and common-law trademark infringement claims together. *See Red Bridge Law, PC v. Legal Experts Inc.*, No. 5:20-cv-08527-EJD, 2022 WL 1316584, at * 2 (N.D. Cal. May 3, 2022); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 764 (C.D. Cal. 2015).

¶ 8 & Ex. A (application for registration of HUCK for "granola-based snack bars" and application for HUCK for "bottled water" both showing in the exhibit as "pending" with no use or other bases for rights in those marks alleged in the Complaint). Plaintiff accordingly has not alleged valid ownership of or rights in such marks.

Plaintiff also includes a request for attorneys' fees in his "Request for Relief," but Plaintiff has not alleged any facts supporting a claim for attorneys' fees. *See* 15 U.S.C. § 1117 (attorneys' fees awardable only in "exceptional cases").

While *"[p]ro se pleadings* are 'held to less stringent standards' than those drafted by a lawyer[,]"[2] in affording a liberal interpretation to a *pro se* complaint the Court "may not supply essential elements of the claim that were not initially pled." *Id*. (citing *Pena v. Gardner*, 976 F.2d 469, 471-72 (9th Cir. 1992)); *see also* 15 U.S.C. § 1114(1)(a)-(b) (trademark infringement). As Plaintiff has failed to allege sufficient underlying facts to support his claims of trademark infringement against TCO London, both his First and Second Claims must be dismissed.

**2.    Plaintiff has failed to allege sufficient facts to support a cognizable claim for fraud—and notably has failed to meet the heightened pleading requirements for fraud.**

Plaintiff's Third Claim contains no factual allegations making out a prima facie case for fraud—it reads in its entirety:

THIRD CLAIM - FRAUD

17.   Based on information and belief, Defendant had prior knowledge of Plaintiff when TCO London commenced business.

18.   Based on information and belief, Defendant's continued use of Plaintiff's HUCK marks constitutes fraud.

19.   Plaintiff has communicated with Defendant without response. SEE EXHIBIT C.

---

[2] *Brown v. State of California*, No. CV 23-1966 ODW (PVC), 2023 WL 5961659, at *8 (C.D. Cal. Aug. 21, 2023) (citation omitted)).

    20.    Based on information and belief, Defendant may have interfered with Plaintiff's business.

Compl., ¶¶ 17-20 (entirety of allegations for "Third Claim—Fraud"); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (reciting elements of fraud). These allegations do not make out a prima facie case for fraud. *See Brown*, 2023 WL 5961659 at *8 ("court does not have to accept as true [Plaintiff's] mere legal conclusions") (citing *Iqbal*, 556 U.S. at 678).

    Plaintiff's barren allegations claim also fail to meet the heightened pleading requirements for fraud. *See* Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged"). "[M]ere conclusory allegations of fraud are insufficient" to meet Rule 9(b)'s standard. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

    Because Plaintiff has failed to plead a prima facie case of fraud, his Third Claim must be dismissed.

### B. The Complaint Should Be Dismissed Under Rule 12(b)(2) Because Plaintiff Has Failed To Establish Personal Jurisdiction.

    Rule 12(b)(2) authorizes a party to seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The party asserting the existence of personal jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). The Court has "considerable procedural leeway" in deciding a motion to dismiss for lack of personal jurisdiction and may decide a motion on the face of the Complaint. *Dorchester Fin'l Secur., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2nd Cir. 2013). Dismissal is appropriate if the plaintiff has not made a prima facie showing of personal jurisdiction. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Martinez v.*

*Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).

The Complaint fails to allege any facts supporting the assertion of personal jurisdiction over TCO London by the Court here. In fact, the Complaint's only factual allegation regarding TCO London acknowledges that TCO London is based in the United Kingdom: "Based on information and belief, Defendant has a principle [sic] mailing address of Unit 2H, Zetland House, 109-123 Clifton Street, London, EC2A 4LD, United Kingdom." Compl., ¶ 4. In turn, Plaintiff goes on to allege that "Plaintiff began selling products into the United Kingdom." *Id.* at ¶ 9. These allegations do not make out a prima facie case for personal jurisdiction over TCO London in this Court.

Accordingly, the Complaint must be dismissed in its entirety. *See Walden*, 571 U.S. at 285.

## IV. CONCLUSION

Based on the foregoing, TCO London respectfully requests that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim and for lack of personal jurisdiction.

DATED: August 2, 2024                HANSON BRIDGETT LLP

By:     */s/ Raffi V. Zerounian*
RAFFI V. ZEROUNIAN
GARNER K. WENG
STELLA PADILLA
***Attorneys for Defendant***
THE CHURCH OF LONDON PUBLISHING LIMITED, dba "TCO LONDON"