HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
STELLA PADILLA, SBN 301590
spadilla@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

*Attorneys for Defendant*
THE CHURCH OF LONDON
PUBLISHING LIMITED, dba
"TCO LONDON"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE MURDOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>TCO LONDON,<br><br>    Defendant. | Case No. 2:24-cv-05411-GW-KS<br><br>**DEFENDANT TCO LONDON'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:    September 9, 2024<br>Time:    8:30 a.m.<br>Crtrm.:   9D<br>Judge:   Hon. George H. Wu |

## I. INTRODUCTION

In Plaintiff's Opposition to the Motion to Dismiss brought by Defendant The Church of London Publishing Limited dba TCO London ("TCO London"), Plaintiff fails to address the legal arguments raised in the Motion to Dismiss and tries scattershot to bring in new allegations that are not in his Complaint (and accordingly cannot be considered)—underscoring that the allegations in the Complaint are fatally deficient. Moreover, his purported new allegations are similarly conclusory and insufficient to meet the pleading standards for his legal claims. As Plaintiff has failed to demonstrate that his existing Complaint is—or susceptible of becoming—legally sufficient, TCO London asks that his Complaint be dismissed in its entirety.

## II. DISCUSSION

### A. Plaintiff has failed to allege sufficient facts to support a cognizable claim of trademark infringement under federal law or common law.

In its moving papers, TCO London recited the entirety of the scant factual allegations made by Plaintiff for his First and Second Claims—and went on to explain how these failed to support a cognizable claim. (Defendant TCO London's Motion to Dismiss Complaint ("Motion") at 6:3-7:15.) In his opposition, Plaintiff does not address any of these arguments. For these reasons alone, the First and Second Claims should be dismissed.

In his opposition, Plaintiff appears to refer to new allegations that are not in the Complaint. (Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint ("Opposition") at 2-3.) As these new allegations are not in the Complaint, they are not before the Court; and again, the First and Second Claims should be dismissed. To the extent these new allegations are intended to suggest the plausibility of Plaintiff amending these claims, the new allegations are similarly conclusory as the existing allegations. (*See* Motion at 6:16-7:8).

Indeed, this Court's just-issued ruling against Plaintiff in another trademark case, through Judge Fischer, is useful for similarly-applicable reasoning in

dismissing Plaintiff's trademark claims in an already-amended complaint:

> [Plaintiff Zane Murdock] fails to provide adequate allegations that, if true, would suggest that Marolina's mark would cause consumer confusion. Plaintiff alleges that Plaintiff owns rights to the mark "HUCK" and Marolina uses the mark "HUK." But there are only minimal, vague allegations regarding even what products the two parties sell. The only relevant allegation Plaintiff provides is a suggestion that Marolina's use of HUK on clothing is at issue. See FAC ¶ 36; see also FAC ¶ 14. Beyond this, there is no attempt to allege any facts relevant to the Sleekcraft factors. Without something more than a blanket claim that the two marks are used in a broad category of commerce, the FAC fails to state a claim for trademark infringement.

*Zane Murdock v. Marolina Outdoor, Inc.,* No. 2:23-cv-10231-DSF-PVCx, Order Granting Motion to Dismiss Amended Complaint (Dkt. 49). (Defendant TCO of London's Request for Judicial Notice in Support of its Motion to Dismiss Complaint, Ex. 1, filed herewith (copy of order)).[1] This ruling likewise shows Plaintiff's pattern of filing trademark claims without sufficient factual allegations and failing to cure these issues after rounds of amendment. (*See id.; see also* Motion at 2:-1-3:5 *et. seq.*)

Without underlying facts to support his trademark claims here, these claims must be dismissed. *Brown v. State of California*, No. CV 23-1966 ODW (PVC), 2023 WL 5961659, at *8 (C.D. Cal. Aug. 21, 2023) (The "court does not have to accept as true [Plaintiff's] mere legal conclusions" and dismissal is proper where a cause of action is summarily pleaded).

### B.  Plaintiff has failed to allege sufficient facts to support a cognizable claim of fraud—and notably has failed to meet the heightened pleading requirements for fraud.

In its moving papers, TCO London recited the entirety of the scant factual allegations made by Plaintiff for his Third Claim—and went on to explain how these failed to support a cognizable claim. (Motion at 7:18-8:17.) In his opposition, Plaintiff does not address any of these arguments. For these reasons alone, the Third

---

[1] This ruling was handed down on August 22, 2024 and accordingly was not available at the time of the moving papers.

Claim should be dismissed.

Moreover, Plaintiff offers no supposed new or additional allegations or even acknowledges the heightened pleading standards for fraud. In essence, TCO London's motion to dismiss Plaintiff's fraud claim should be deemed uncontested. *See e.g.*, *Williams v. Dejoy*, No. 2:20-cv-08248-MCS-KS, 2021 WL 4712712, at *3 (C.D. Cal. Jan. 13, 2021) (finding a "fail[ure] to dispute" an argument presented in a motion to dismiss to be a "conce[ssion] that [a party] cannot support his federal court Complaint" (citing *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011))); *Ogden v. Wells Fargo Bank, N.A.*, No. CV 15-3410-DMG (ASx), 2019 WL 1751818, at *10 n.14 (C.D. Cal. Feb. 6, 2019) (dismissing claims where the plaintiff failed to further elaborate on points raised in a motion to dismiss and noting that the Court's "judges are busy people" and "they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning" (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999))).

The Complaint fails to provide "specific enough [allegations] to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged[,]" and accordingly, the fraud claim must be dismissed. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient.").

### C.    Plaintiff has failed to allege sufficient facts to establish personal jurisdiction.

In its moving papers, TCO London recited the entirety of the scant factual allegations made by Plaintiff for its assertion of personal jurisdiction—and went on to explain how these were insufficient. (Motion at 9:2-:10.) In his opposition, Plaintiff does not address any of these arguments. For these reasons alone, the Complaint should be dismissed for failure to make a prima facie case of jurisdiction.

In his opposition, Plaintiff appears to refer to new allegations that are not in the Complaint. (Opposition at 4.) As these new allegations are not in the Complaint, they are not before the Court; and again, the Complaint should be dismissed.

### III.   CONCLUSION

Based on the foregoing, TCO London respectfully requests that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim and for lack of personal jurisdiction.

DATED:  August 30, 2024                    HANSON BRIDGETT LLP

By:     */s/ Raffi V. Zerounian*
RAFFI V. ZEROUNIAN
GARNER K. WENG
STELLA PADILLA
***Attorneys for Defendant***
THE CHURCH OF LONDON
PUBLISHING LIMITED, dba
"TCO LONDON"