## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 24-5411-GW-KSx | Date | September 10, 2024 |
|---|---|---|---|
| Title | *Zane Murdock v. TCO London* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; VACATING HEARING**

Zane Murdock ("Plaintiff"), proceeding *in pro per*, initiated this action with the filing of his Complaint on June 26, 2024. The Complaint asserts three claims against TCO London ("Defendant") in connection with Plaintiff's ownership of rights to the mark "HUCK": 1) federal trademark infringement; 2) common law trademark infringement; and 3) fraud. Defendant has now moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because the Complaint plainly does not plead – the Rule 12(b)(2) angle of Defendant's motion is based on a *pleading* failure, not an *evidentiary* failure – a basis for asserting personal jurisdiction over Defendant and Plaintiff has not proven any such basis in response to this motion, the Court will grant Defendant's motion in that respect, giving Plaintiff one opportunity to amend in this regard.

Plaintiff's Complaint pleads no basis for personal jurisdiction over Defendant in California in connection with his claims. He merely asserts that Defendant "does business in the district," Complaint ¶ 2, that Defendant has a principal mailing address in the United Kingdom, *see id.*, ¶ 4, and that *Plaintiff* began selling products *into the United Kingdom*, *see id.*, ¶ 9. As to Defendant's use of the HUCK marks, Plaintiff merely asserts that it is without Plaintiff's authorization and that it confuses the consuming public. *See id.* ¶¶ 14, 18. In Plaintiff's Opposition to this motion, he claims that Defendant "sells a good, a HUCK magazine, in California, in the United States, and/or since Defendant provides a service, the url www.huckmag.com, in California, in the United States." Docket No. 14, at 4; *see also* id., at 1 ("Defendant operates the url www.huckmag.com. Defendant sells a Trademark good, a HUCK magazine, in the United States in the state of California."). But those assertions are not included in the Complaint, and they are not backed by any evidentiary submissions accompanying Plaintiff's Opposition, meaning that the Court may not consider them. If this Court lacks personal jurisdiction over Defendant, proceeding with this action would constitute a due process violation.

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5411-GW-KSx | Date | September 10, 2024 |
|---|---|---|---|
| Title | *Zane Murdock v. TCO London* | | |

    Until Plaintiff pleads (or establishes) a colorable basis for personal jurisdiction over Defendant, there is no need for the Court to consider the sufficiency of Plaintiff's allegations in support of his three claims for relief.  *See* Stevenson & Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* (The Rutter Group 2024), ¶ 9:112.1, at 9-48 ("Generally . . . a court should resolve a personal jurisdiction objection before addressing other nonjurisdictional issues.").  However, if indeed he does attempt to amend his Complaint to cure the glaring *personal jurisdiction deficiency*, he would be well-advised to also take *very seriously* Defendant's present criticisms of the sufficiency, thus far, of his *allegations in support of his claims*.

    The Complaint is dismissed for insufficient allegations of personal jurisdiction over Defendant.  The September 16 hearing date is vacated.  Plaintiff has 21 days in which to file any amended complaint.  Should he fail to do so within that time frame, the dismissal will be without prejudice to Plaintiff attempting to re-file this action in another forum where he believes that he can establish personal jurisdiction over Defendant.

    IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | JG | |