HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
STELLA PADILLA, SBN 301590
spadilla@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant***
THE CHURCH OF LONDON PUBLISHING LIMITED dba "TCO LONDON"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZANE MURDOCK,<br><br>Plaintiff,<br><br>v.<br><br>TCO LONDON,<br><br>Defendant. | Case No. 2:24-cv-05411-GW-KS<br><br>**DEFENDANT THE CHURCH OF LONDON PUBLISHING LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: November 4, 2024<br>Time: 8:30 a.m.<br>Crtrm.: 9D<br>Judge: Hon. George H. Wu |

## I. INTRODUCTION

Despite Plaintiff Zane Murdock being given the opportunity to amend in the instant action—and despite having been given such opportunities in dismissals of numerous past and concurrent federal-court trademark lawsuits on the same or parallel grounds—Plaintiff's Amended Complaint against Defendant The Church of London Publishing Limited dba "TCO London" ("TCO London") again fails to meet the minimum pleading standards for all three of his purported claims—Plaintiff has simply added certain recitations of legal tests accompanied by conclusory, speculative, or incomprehensible supposed factual allegations. Further and apart, the Amended Complaint fails to remedy the jurisdictional issues addressed by this Court in its Order Granting TCO London's initial Motion to Dismiss (*see* ECF No. 17) (the "Dismissal Order").

As previously discussed in the papers supporting TCO London's initial motion to dismiss (ECF Nos. 11, 11-1, 11-2, 16, 16-1), Plaintiff has an over-14-year history of filing complaints similarly bereft of minimum pleading standards, including here in the Central District of California, as well as the Trademark Trial and Appeal Board. TCO London asks that the Court dismiss Plaintiff's Amended Complaint with prejudice.

## II. BACKGROUND

As discussed in more detail in TCO London's motion to dismiss Plaintiff's initial complaint in this action, Plaintiff has a documented history of taking a very aggressive view of his purported trademark rights surrounding the alleged "HUCK" mark by filing complaints without any factual bases, drawing the ire of courts and tribunals. *See generally* Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint (ECF No. 11-1) ("Mot. To Dismiss"); Request for Judicial Notice in Support of the Motion to Dismiss (ECF No. 11-2) ("Mot. RJN"); Reply in Support of Motion to Dismiss Complaint (ECF No. 16); Request for Judicial Notice in Support of Its Reply (ECF No. 16-2). Instead of accepting rulings

by other courts or learning from essentially being declared a vexatious litigant by the Trademark Trial and Appeal Board, Plaintiff has continued to file similar actions—including this one. *See* Mot. to Dismiss, 4–5; Mot. RJN, Ex. 5–8. TCO London asks the Court to take ongoing judicial notice of this history as previously requested with its previous motion-to-dismiss papers.

## III. DISCUSSION

### A. The Amended Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim.

Although this Court did not consider Plaintiff's failure to state a claim in dismissing the Complaint, the Court warned Plaintiff to "take *very seriously* [TCO London]'s [] criticisms of the sufficiency. . . . of his *allegations in support of his claims*." Dismissal Order ECF No. 17 at 2 (emphasis added in the first instance, emphasis in original in the second). While Plaintiff did amend his Complaint, his amendments are insufficient to defeat dismissal.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *see also* Fed. R. Civ. P. 8(a)(2) (requiring complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**1. Plaintiff has again failed to allege sufficient facts to support a cognizable claim of trademark infringement under federal law or common law.**

"To prevail on a claim of trademark or trade name infringement under the Lanham Act or common law, a plaintiff 'must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *See La Terra Fina USA, LLC v. TerraFina, L.L.C.*, No. 17-cv-03613 NC, 2017 WL 4284167, at *2 (N.D. Cal. Sept. 27, 2017) (quoting *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F. 3d 1137, 1144 (9th Cir. 2011) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F. 3d 1118, 1124 (9th Cir. 2006))). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F. 3d 629, 633 (9th Cir. 2007). Again, however, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Levitt*, 765 F. 3d at 1135; *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In the Amended Complaint, Plaintiff has only added new allegations to his First Claim for Federal Trademark Infringement. (*See* Amended Complaint (ECF No. 18) at 4–6). Specifically, he added a list of the 13 "Dupont"[1] factors along with conclusory or speculative allegations that each factor favors Plaintiff. (*See id.*) However, because each such new allegation is entirely conclusory or so speculative

---

[1] In the Ninth Circuit, the courts use the *Sleekcraft* factors, rather than the *Dupont* factors. *See, e.g., JUUL Labs, Inc. v. Chou*, 676 F. Supp. 3d 827, 843 (C.D. Cal. 2023).

and unclear as to what activity by TCO London is being complained of, the new allegations still do not give TCO London "fair notice . . . to enable [it] to defend itself effectively" and accordingly fail to meet minimum pleading standards. *See Levitt*, 765 F. 3d at 1135; *Iqbal*, 556 U.S. at 678.

Even more conclusory is Plaintiff's Second Claim for Federal Trademark Infringement, which Plaintiff has failed to amend. *See* Amended Complaint ¶ 26 at 6. This claim, which is *exactly the same* as Plaintiff's claim in his original Complaint, again contains essentially zero factual allegations:

> <u>SECOND CLAIM – COMMON LAW TRADEMARK INFRINGEMENT</u>
>
> 26. Since 2000, Plaintiff has used the Trademark HUCK in connection with products for sale consistently in order to establish a business. Plaintiff claims common law trademark infringement in that Defendant takes unfair advantage of Plaintiff's use in commerce of the Trademark HUCK aside from Plaintiff's USPTO intellectual property.

These "mere conclusory statements" necessitate dismissal. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim).

Additionally, just as Plaintiff did in his initial Complaint and as TCO London raised in its initial motion to dismiss, Plaintiff again appears to be asserting rights in trademarks that are the subject of pending applications for registration in the U.S.—for which the registrations have not issued and for which Plaintiff has not alleged use. (*See* Amended Complaint ¶ 11 & Ex. A (application for registration of HUCK for "granola-based snack bars" and application for HUCK for "bottled water" both showing in the exhibit as "pending" with no use or other bases for rights in those marks alleged in the Amended Complaint)). Plaintiff accordingly has not alleged valid ownership of or rights in such marks.

Further, Plaintiff again includes a request for attorneys' fees in his "Request for Relief," but Plaintiff has not alleged any facts supporting a claim for attorneys' fees. *See* 15 U.S.C. § 1117 (attorneys' fees awardable only in "exceptional cases").

While *"[p]ro se pleadings* are 'held to less stringent standards' than those drafted by a lawyer[,]" in affording a liberal interpretation to a *pro se* complaint the Court "elements of the claim that were not initially pled." *Brown v. State of California*, No. CV 23-1966 ODW (PVC), 2023 WL 5961659, at *8 (C.D. Cal. Aug. 21, 2023) (citing *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992)). As Plaintiff has now twice failed to allege sufficient underlying facts to support his claims of trademark infringement against TCO London, both his First and Second Claims should be dismissed with prejudice.

**2. Plaintiff has again failed to allege sufficient facts to support a cognizable claim for fraud—and notably has failed to meet the heightened pleading requirements for fraud.**

Plaintiff's additions to his Third Claim for fraud consist only of additional conclusory allegations that TCO London (1) had prior knowledge of Plaintiff's online presence and use of a "url extension .club", and (2) interfered with Plaintiff's business. *See* Amended Complaint ¶¶ 27-32. These do not establish a prima facie case of fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (reciting elements of fraud); *Brown*, 2023 WL 5961659 at *8 ("court does not have to accept as true [Plaintiff's] mere legal conclusions") (citing *Iqbal*, 556 U.S. at 678).

Plaintiff's allegations also continue to fail to meet the heightened pleading requirements for fraud. *See* Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged"). "[M]ere conclusory allegations of fraud are insufficient" to meet Rule 9(b)'s standard. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th

Cir. 1989).

Because Plaintiff has again failed to plead a prima facie case of fraud, and again failed to meet the heightened pleading requirements for fraud, his fraud claim should be dismissed with prejudice.

**B. The Amended Complaint Should Be Dismissed Under Rule 12(b)(2) Because Plaintiff Has Again Failed to Establish Personal Jurisdiction.**

Rule 12(b)(2) authorizes a party to seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The party asserting the existence of personal jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). The Court has "considerable procedural leeway" in deciding a motion to dismiss for lack of personal jurisdiction and may decide a motion on the face of the complaint. *Dorchester Fin'l Secur., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2nd Cir. 2013). Dismissal is appropriate if the plaintiff has not made a prima facie showing of personal jurisdiction. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).

Personal jurisdiction over a nonresident defendant is tested by: (1) the requirements of the applicable state's long-arm statute, and (2) compliance with federal due process. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient "minimum contacts" with the forum state. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)).

In his Amended Complaint, Plaintiff adds a number of allegations that he appears to intend to go towards assertion of personal jurisdiction over TCO London—but these allegations are threadbare, conclusory, or incomprehensible (or some combination of the three). For example, many of Plaintiff's new allegations continue to relate to Plaintiff's own actions in the United Kingdom, which of course

do not establish TCO London's contacts to the State of California and provide no support for the assertion of personal jurisdiction over TCO London in California. (*See* Amended Complaint ¶ 13.) Likewise, Plaintiff pleads that an unrelated third party, Target, mentioned TCO London in a deposition in San Francisco, California, which again does not relate to any activity or contacts by TCO London. (*See* Amended Complaint ¶ 16.)

Attempting to pierce through these scattershot allegations, Plaintiff appears to have added only a few allegations relating to TCO London's own activity or contacts. First, Plaintiff alleges newly that, "In 2009 defendant used HUCK on tee shirts in California, United States," and "Defendant sells a good, a HUCK magazine, in California, in the United States." (Amended Complaint ¶¶ 2, 17.) However, these threadbare assertions give insufficient information for TCO London to understand what is being alleged or to investigate and defend itself properly.

Second, Plaintiff alleges that, "Defendant provides a service, the url www.huckmag.com, in California, in the United States." (Amended Complaint ¶ 2; *see also id.* ¶¶ 14, 15, 18.) However, case law has repeatedly established that operating a website that is accessible in a state is not, in and of itself, sufficient to establish personal jurisdiction in that state, unless the website has "purposefully directed" or "expressly aimed" its activities toward the state. *See, e.g., Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979–80 (9th Cir. 2021) ("Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum."; "Something more—conduct directly targeting the forum—is required to confer personal jurisdiction.") Plaintiff has not alleged facts supporting these requirements.

Because Plaintiff's allegations do not meet minimum pleading standards for establishing personal jurisdiction, the Amended Complaint should be dismissed in its entirety. *See Walden*, 571 U.S. at 285.

## IV. CONCLUSION

Based on the foregoing, and based on the entire record (including the briefing and filings with TCO London's previous motion to dismiss), TCO London respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim and for lack of personal jurisdiction.

DATED: September 30, 2024

HANSON BRIDGETT LLP

By: */s/ Raffi V. Zerounian*

RAFFI V. ZEROUNIAN
GARNER K. WENG
STELLA PADILLA
***Attorneys for Defendant***
THE CHURCH OF LONDON PUBLISHING LIMITED, dba "TCO LONDON"