JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5411-GW-KSx | Date | October 29, 2024 |
|---|---|---|---|
| Title | *Zane Murdock v. TCO London* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:    IN CHAMBERS - COURT ORDER**

On June 26, 2024, pro per plaintiff Zane Murdock ("Plaintiff") filed an action for "federal trademark infringement," "common law trademark infringement" and fraud against defendant TCO London ("Defendant") with an address in London, England. *See* Complaint, Docket No. 1.

On September 10, 2024, the Court issued an order granting Defendant's motion to dismiss for lack of personal jurisdiction, and indicating that plaintiff Zane Murdock ("Plaintiff") would be given "one opportunity to amend in this regard." Docket No. 17. Plaintiff subsequently filed an Amended Complaint ("AC") on September 16, 2024, *see* Docket No. 18, and Defendant has again moved to dismiss (again pursuant to both Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)). The Court will once again address only the personal jurisdiction issue, and will dismiss this action without leave to amend, though also without prejudice.

The Court previously explained the problem with Plaintiff's case as to personal jurisdiction. The AC demonstrates that Plaintiff's only hope for identifying a legitimate basis for personal jurisdiction would have to be by way of a *specific* jurisdiction theory. However, for Plaintiff to properly allege or establish a basis for specific personal jurisdiction, he must be able to demonstrate that the conduct Defendant allegedly engaged in that was directed at this jurisdiction *actually gives rise or relates to* his claims. *See, e.g.*, *Impossible Foods, Inc. v. Impossible X LLC*, 80 F.4th 1079, 1087 (9th Cir. 2023), *cert. denied*, 144 S.Ct. 2561 (2024); Stevenson & Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* (The Rutter Group 2024) ("Stevenson & Fitzgerald"), ¶¶ 3:136-139.2, at 3-83 – 85.

Unfortunately, the AC is decidedly unclear as to just what it is that Defendant allegedly has done that gives rise to Plaintiff's three claims for relief. *See* AC ¶ 24 ("Defendant's use confuses the consuming public

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5411-GW-KSx | Date | October 29, 2024 |
|---|---|---|---|
| Title | *Zane Murdock v. TCO London* | | |

as to the origin of Plaintiff's HUCK marks and this damages Plaintiff in violation of the Lanham Act."); *id.* ¶ 26 ("Defendant takes unfair advantage of Plaintiff's use in commerce of the Trademark HUCK aside from Plaintiff's USPTO intellectual property."); *id.* ¶¶ 28-29 (referencing "when Defendant enacted the sign up on the url www.huckmag.com" and "when Defendant began using the same or similar tagline CLUB HUCK"); *id.* ¶ 32 (alleging that Defendant "interfered with Plaintiff's business by communicating or contacting athletes, businesses, customers, or forms of media in use of the trademark HUCK") . If Plaintiff's complaints concern conduct Defendant allegedly undertook in 2009, *see id.* ¶ 17, Plaintiff has not even attempted to explain how that conduct could give rise to any claim that would be compliant with applicable statutes of limitation,[1] so the Court must conclude that this conduct is *not* the basis for Plaintiff's claims. If they relate to one of Plaintiff's potential customers asking Plaintiff about the ownership/origin of Defendant's url/website in or about May 2024, *see id.* ¶ 18, there is no indication in the AC as to whether this url/website is "active" or "passive," or commercial or noncommercial, *see* Stevenson & Fitzgerald, ¶¶ 3:89.1-89.26, at 3-47 – 55, and this too would appear to raise an obvious statute of limitations issue, again leading the Court to conclude that this must not be the basis for Plaintiff's ill-defined claims. Specifically, as to that latter point, Plaintiff explicitly alleges that Defendant "began advertising or sales at least as early as 2008." AC ¶ 23.5. If Plaintiff's concerns instead relate to actions taken in San Francisco in 2008 by non-party Target, that activity would present both obvious statute-of-limitation issues and the particular problem that *Target's* activity in San Francisco cannot give rise to a basis for personal jurisdiction *over Defendant*. *See* Stevenson & Fitzgerald, ¶ 3:122, at 3-76 – 77. If, instead, Defendant's allegedly-problematic conduct relates to Plaintiff's unclear "interference" allegation in paragraph 32, there is no indication of any conduct by Defendant that is in any way directed at California. The mere fact that Plaintiff is or was located in California, *see* AC ¶¶ 5-6, 17, is insufficient. *See Walden v. Fiore*, 571 U.S. 277, 286-90 & n.9 (2014). Because the AC is decidedly unclear on what alleged conduct by Defendant provides the basis for Plaintiff's specific claims, and because the only conceivable activities the Court can identify within the AC on that point each gives rise to fairly obvious problems with such claims, the Court cannot determine whether Plaintiff's claims arise out of or relate to California-directed activity/conduct. This deficiency is Plaintiff's problem, not Defendant's or the Court's.

In short, Plaintiff's personal jurisdiction allegations are still deficient. The Court gave Plaintiff one opportunity to correct his initially-deficient allegations, and he failed to do so. As such, the Court now dismisses this action without leave to amend. However, the dismissal is without prejudice, allowing Plaintiff

---

[1] *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 n.11 (9th Cir. 2006) (indicating that statute of limitations for federal trademark infringement is governed by analogous state statute of limitations, which in California is four years); *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009) (recognizing four-year statute of limitations for California trademark infringement claim); Cal. Code. Civ. Proc. § 338(d) (establishing three-year statute of limitations for California fraud claim).

| | : |
|---|---|
| Initials of Preparer | JG |

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5411-GW-KSx | Date | October 29, 2024 |
|---|---|---|---|
| Title | *Zane Murdock v. TCO London* | | |

to attempt to file an action against Defendant in an appropriate jurisdiction. The November 4, 2024, hearing in this matter is vacated.

    IT IS SO ORDERED.

                                                                                                                                   :

Initials of Preparer    JG